AO 458 (Rev. 10/95)   Appearance

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

| Robinson Reed, Inc. et al | **APPEARANCE** |

v.

| Grifco International, Inc. |

Case Number: 07 CV 584

JUDGE CROTTY

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

> Defendant:
> Grifco International, Inc.
> 2507 N. Frazier, Suite 410
> Conroe, TX  77303

I certify that I am admitted to practice in this court.

| January 25, 2007 | |
|---|---|
| Date | Signature |

| Alan C. Lippel, Esq. | A25092 |
|---|---|
| Print Name | Bar Number |

| 79 Main Street |
|---|
| Address |

| Hackensack, NJ  07601 |
|---|
| City                              State                    Zip Code |

| (212) 233-1230 | (212) 619-6743 |
|---|---|
| Phone Number | Fax Number |

JUDGE CROTTY

# 07 CV 584

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ROBINSON REED, INC.,
AND FFC3 APS,

               Plaintiffs,

      vs.

GRIFCO INTERNATIONAL, INC.

             Defendant

---



:
:
:
:
:
:
:
:
:
:
:

## NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that defendant Grifco International, Inc., a Nevada corporation, by and through its undersigned attorneys, hereby remove this civil action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. Section 1331, 1441 and 1446, and in support thereof allege verily as follows:

1.    On December 15, 2006, Plaintiffs, who are off-shore hedge funds and financial advisors domiciled in Cyprus and Denmark, filed this action against defendant, a non-reporting Pink Sheet company, in the Supreme Court of the State of New York, County of New York, in the Supreme Court of New York, Index No. 604288/06, alleging a default on a $1,500,000 loan. With penalties and interest, Plaintiffs claim over $3,366,000 due on the original loan. A true and correct copy of the New York State Law Complaint is attached as Exhibit A.

1

2.     On or about January 16, 2007, defendant received a copy of a demand letter
(hereinafter the "Demand Letter") written on behalf of the Plaintiffs
demanding payment of the same debt principal as alleged in the New York
Court State Action against defendant's purported agent Andy Baum of
Avondale Capital Partners, Inc., 256 South Robertson Blvd., Beverly Hills,
CA 90211 (collectively "Baum"). A true and correct copy of the Demand
Letter is attached as Exhibit B.

3.     In the Demand Letter, Plaintiffs allege *inter alia* that Baum violated Section
10(b) of the Securities Act and Rule 10b-5 in connection with the $1,500,000
loan to defendant "based upon representations regarding the business
operations and financial condition of Grifco" and that Baum negotiated
"specific deal points" concerning the Grifco Loan. See, Exhibit B, Paragraph
1 and numbered sub-paragraphs 2 and 3.

4.     Removal of the New York State Court Action has now become necessary
because the resolution of the Securities Act fraud claims invoke federal
question jurisdiction pursuant to 28 U.S.C. 1331 as they relate to actionable
securities fraud in the making of the Grifco Loan which contains "toxic"
financing conditions commonly used by off-shore hedge funds with small
undercapitalized companies like defendant.

5.     Plaintiffs have voluntarily interposed Baum as a necessary party in the
litigation of the Grifco Loans since the alleged Securities Act fraud claims
include Baum and other agents who helped negotiate the Grifco Loan. These
agents, include but are not limited to, Mads Ulrich (one of the principals of

Plaintiff FFC3 APS) acting through First Fidelity Capital, Inc. and an affiliated brokerage company based in Lausanne, Switzerland which helped underwrite the Grifco Loan. See, Exhibit C.

6. Defendant was equally victimized by these alleged Securities Act fraud claims giving it the right to challenge collection of the Grfico Loan by any party who participated in the fraud (including the Plaintiffs themselves) and to seek 10b-5 damages from any other person acting in concert with them.

7. This court has original jurisdiction over the Securities Act fraud claims pursuant to 28 U.S.C. Section 1331.

8. Pursuant to 28 U.S.C. Section 1446(d), defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, and will serve Plaintiffs' attorneys with a copy of this Notice of Removal.

9. Pursuant to 28 U.S.C. Section 1446(a), true copies of all process, pleadings and other papers served upon the defendant are reproduced in Exhibits A-C, as described herein.

WHEREFORE, the defendant Grifco International, Inc. hereby removes this civil action to this Court from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
January 25, 2007

2

Respectfully submitted,

ALAN C. LIPPEL, ESQ.

By: _Alan C Lippel_

*Attorney for Defendant*
Alan C. Lippel, Esq.
79 Main Street
Hackensack, NJ 07601
201-487-6969 (tel)
212-233-1230 (tel)
212-619-6743 (fax)

Pro Haec Vice
Harold P. Gewerter, Esq.
5440 W. Sahara, Suite 202
Las Vegas, NV 89146
702-382-1714 (tel)
702-382-1759 (fax)

Of Counsel
Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
212-509-8809 (Tel)
212-809-6422 (Fax)

TO:   CLERK OF THE COURT
      UNITED STATES DISTRICT
      COURT FOR THE SOUTHERN
      DISTRICT OF NEW YORK
      500 Pearl Street
      New York, NY 10007

      *Attorney for Plaintiffs*
      Eric O'Connor, Esq.
      Sheppard, Mullin, Richter & Hampton LLP
      30 Rockefeller Plaza, Suite 2400
      New York, NY 10112
      212-332-3800 (Tel)
      212-332-3888 (Fax)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

```
---------------------------------------------------------- X
ROBINSON REED, INC. and FFC3 APS            :
                                            :   Index No. 604988/06
                         Plaintiffs, :
                                            :
          -against-                         :
                                            :   AFFIRMATION IN SUPPORT
GRIFCO INTERNATIONAL, INC.,                 :   OF SUMMARY JUDGMENT
                                            :   IN LIEU OF COMPLAINT ____
                         Defendant. :
                                            :
---------------------------------------------------------- X
```

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )


        ERIC O'CONNOR, being duly sworn, deposes and says:

        1.      I am an attorney at law licensed to practice in the courts of New York State and

am a member of the firm Sheppard Mullin Richter & Hampton LLP, attorneys for the plaintiffs

Robinson Reed Inc. ("Robinson Reed") and FFC3 ApS ("FFC3") in the above-entitled action.

        2.      I am fully familiar with all of the facts and proceedings in this action and make

this affirmation in support of plaintiffs' motion for summary judgment in lieu of complaint.

        3.      I submit this affirmation in support of my motion for an order pursuant to CPLR

3213 directing the entry of judgment for plaintiffs and against defendant in the amount of Three

Million Three Hundred And Sixty-Six Thousand Dollars ($3,366,000), with interest from

December 1, 2006, related damages, reasonable attorney's fees, legal expenses and costs of this

motion, on the ground that this action is based upon instruments for the payment of money only

which are now due and payable.

4.    The above entitled action was brought to recover the sum of Three Million Three Hundred And Sixty-Six Thousand Dollars ($3,366,000), pursuant to a single financing package provided to defendant Grifco International, Inc. ("Grifco"), with interest and damages from December 1, 2006, at the rates of interest noted below. The action is based upon instruments for the payment of money only, to wit:

   i.    A Convertible Promissory Note in the principal amount of $1,300,000, dated as of September 1, 2005, for which plaintiff Robinson Reed is the holder in due course and defendant Grifco is the maker (the "Robinson Reed Promissory Note"). Attached hereto as **Exhibit "A"** is a copy of the Robinson Reed Promissory Note.

   ii.   A Convertible Promissory Note in the principal amount of $200,000, dated as of September 1, 2005, for which plaintiff FFC3 is the holder in due course and defendant Grifco is the maker (the "FFC3 Promissory Note"). Attached hereto as **Exhibit "B"** is a copy of the FFC3 Promissory Note. (The Robinson Reed Promissory Note and the FFC3 Promissory Note are collectively referred herein as the "Convertible Promissory Notes".)

   iii.  A Note and Warranty Purchase Agreement, dated as of September 1, 2005, by and among Grifco and the purchasers Robinson Reed and FFC3, whereby the Convertible Promissory Notes were convertible into shares of Grifco's common stock.

   iv.   Contemporaneously with the execution of the above-referenced agreements, the parties entered into a Registration Rights Agreement, dated as of September 1, 2005, whereby Grifco agreed to ensure that its stock was registered so that, when the Convertible Promissory Notes were converted into common stock, Robinson Reed and FFC3 could commence selling the stock and recoup their investment. Attached hereto as **Exhibit "C"** is a copy of the Registration Rights Agreement.

5.    Pursuant to Section 4.9 of the Convertible Promissory Notes, all parties herein agreed to submit to the jurisdiction of "the courts of the State of New York located in New York county."

6.    In violation of Section 2 and Section 7(d) of the Registration Rights Agreement, defendant Grifco failed to file a Registration Statement on or before December 1, 2005. In

addition, the breach of the Registration Rights Agreement is also an Event of Default under Section 2.1(h) of the Convertible Promissory Notes.

7.      Upon an Event of Default, Section 2.2 of the Convertible Promissory Notes provide that Robinson Reed and FFC3 may declare the entire unpaid principal balance, together with all interest accrued thereon, to be accelerated and due and payable.

## AMOUNT DUE TO ROBINSON REED:

8.      The amount due and owing by defendant Grifco under the Robinson Reed Promissory Note is:

i.      the entire principal amount of $1,300,000;

ii.     Interest at 8% per annum from September 1, 2005 to the date of default, December 1, 2005 (Section 1.2), which amounts to $26,000;

iii.    Default interest at the rate of 15% per annum from December 1, 2005 to the present, which amounts to $195,000 as of December 1, 2006; and

iv.     Event of Default Prepayment Price at 120% of the total principal and interest due under the Note (Section 3.7(a)), which amounts to $304,200.

As of December 1, 2006, the total amount due and owing is $1,825,200. Interest continues to accrue under the Robinson Reed Promissory Note at the rate of $541.67 per day after December 1, 2006 and the Event of Default Prepayment Price must be recalculated accordingly.

9.      In accordance with Section 7(d) of the Registration Rights Agreement, the following liquidated damages are owed by defendant Grifco to Robinson Reed:

i.      2% of the initial $1,300,000 investment in the Robinson Reed Promissory Note for the calendar month of December, 2005, which amounts to $26,000;

ii.     4% of the initial $1,300,000 investment in the Robinson Reed Promissory Note for the calendar month of January, 2006, which amounts to $52,000;

iii.    6% of the initial $1,300,000 investment in the Robinson Reed Promissory Note for the calendar month of February, 2006, which amounts to $78,000; and

iv.    8% of the initial $1,300,000 investment in the Robinson Reed Promissory Note for the calendar month of March, 2006 and each calendar month thereafter to the present date, which amounts to $936,000 as of November 30, 2006.

As of December 1, 2006, the total amount due and owing is $1,092,000. Damages continue to accrue under the Registration Rights Agreement.

10.    As of December 1, 2006, the total amount due and owing by Grifco to Robinson Reed is $2,917,200, with interest and damages from December 1, 2006.

## AMOUNT DUE TO FFC3:

11.    The amount due and owing by defendant Grifco under the FFC3 Promissory Note is:

i.    the entire principal amount of $200,000;

ii.    Interest at 8% per annum from September 1, 2005 to the date of default, December 1, 2005 (Section 1.2), which amounts to $4,000;

iii.    Default interest at the rate of 15% per annum from December 1, 2005 to the present, which amounts to $30,000 as of December 1, 2006; and

iv.    Event of Default Prepayment Price at 120% of the total principal and interest due under the Note (Section 3.7(a)), which amounts to $46,800.

As of December 1, 2006, the total amount due and owing is $280,800. Interest continues to accrue under the FFC3 Promissory Note at the rate of $83.34 per day after December 1, 2006 and the Event of Default Prepayment Price must be recalculated accordingly.

12.    In accordance with Section 7(d) of the Registration Rights Agreement, the following liquidated damages are owed by defendant Grifco to FFC3:

i.    2% of the initial $200,000 investment in the FFC3 Promissory Note for the calendar month of December, 2005, which amounts to $4,000;

    ii.     4% of the initial $200,000 investment in the FFC3 Promissory Note for the calendar month of January, 2006, which amounts to $8,000;

    iii.    6% of the initial $200,000 investment in the FFC3 Promissory Note for the calendar month of February, 2006, which amounts to $12,000; and

    iv.    8% of the initial $200,000 investment in the FFC3 Promissory Note for the calendar month of March, 2006 and each calendar month thereafter to the present date, which amounts to $144,000 as of November 30, 2006.

As of December 1, 2006, the total amount due and owing is $168,000. Damages continue to accrue under the Registration Rights Agreement.

13.    As of December 1, 2006, the total amount due and owing by Grifco to FFC3 is $448,800, with interest and damages from December 1, 2006.

14.    Defendant Grifco has never made any payment of any amount of principal or interest due to either plaintiff under the Convertible Promissory Notes.

15.    On February 22, March 8, and April 5, 2006, attorneys for plaintiffs, pursuant to the terms of the Convertible Promissory Notes and the Registration Rights Agreement, sent written demands for payment to defendant Grifco and/or its counsel.

16.    Pursuant to Section 4.12 of the Convertible Promissory Notes, defendant Grifco has waived presentment, demand, notice of nonpayment, protest and all other demands and notices in connection with the enforcement of the Convertible Promissory Notes.

17.    The debt has not been extended or forgiven nor has it in any way been repaid.

18.    There is now due and owing to plaintiffs from defendant the sum of Three Million Three Hundred And Sixty-Six Thousand Dollars ($3,366,000), with interest and damages from December 1, 2006, at the rates noted above.

19.   Pursuant to Section 4.5 of the Convertible Promissory Notes, defendant agreed to "pay all costs and expenses of enforcement of [each] Note, including, without limitation, reasonable attorneys' fees and expenses."

20.   No previous application for the relief herein prayed for has been made.

WHEREFORE, your affiant respectfully asks for an order granting summary judgment in favor of plaintiffs and against defendant in the sum of Three Million Three Hundred And Sixty-Six Thousand Dollars ($3,366,000), with interest and damages from December 1, 2006 to the present date at the rates noted above, reasonable attorney's fees, legal expenses, and the costs and disbursements of this action.

December 13, 2006

_____
ERIC O'CONNOR

Sworn to before me on this
/3  th day of December, 2006

_____
Notary Public

**GAIL BURWA**
Notary Public, State of New York
No. 01BU6002356
Qualified in New York County
Commission Expires February 2, 2010

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

```
-------------------------------------------------- X
                                              :
ROBINSON REED, INC. and FFC3 APS              :     Index No.  604388/06
                                              :
                               Plaintiffs,    :
                                              :
                                              :
            -against-                         :
                                              :     SUMMONS
GRIFCO INTERNATIONAL, INC.,                   :
                                              :
                               Defendant.     :
                                              :
-------------------------------------------------- X
```

*To the above-named Defendant:*

**YOU ARE HEREBY SUMMONED** and required to submit to plaintiffs' attorney at his address stated below, answering papers on this motion within the time provided in the attached notice of motion.  If you fail to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

The action will be heard in the Supreme Court of the State of New York in and for the County of New York.  This action is brought in the County of New York because it has been fixed as the place of jurisdiction by written agreement among the parties.

Dated:  December 14, 2006

Respectfully submitted,

**SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP**

By: _____
    Eric O'Connor
    30 Rockefeller Plaza, Suite 2400
    New York, NY  10112
    Telephone:  (212) 332-3800
    Facsimile:  (212) 332-3888
    *Attorneys for Robinson Reed Inc. and
    FFC3 ApS*

-1-

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

------------------------------------------------------- X

ROBINSON REED, INC. and FFC3 APS :    Index No. $604288/66$

                  Plaintiffs, :

                            :

        -against-             :

                            :    **NOTICE OF MOTION FOR**

GRIFCO INTERNATIONAL, INC.,      :    **SUMMARY JUDGMENT IN**

                            :    **LIEU OF COMPLAINT**

                 Defendant. :

                            :

------------------------------------------------------- X

SIRS:

**PLEASE TAKE NOTICE,** that upon the summons, dated December 14, 2006, the

affirmation of Eric O'Connor, sworn to on December 13, 2006, and the exhibits annexed thereto,

plaintiffs will move this Court, at IAS, Part 1, in Room 130, at the County Court House, 60

Centre Street, New York, New York, on January 19, 2007, at 9:30 A.M., or as soon thereafter as

counsel may be heard, for an order pursuant to CPLR 3213 directing the entry of judgment for

plaintiffs and against defendant in the amount of Three Million Three Hundred And Sixty-Six

Thousand Dollars ($3,366,000), with interest and damages from December 1, 2006 to the present

date at the rates noted in the O'Connor affirmation, reasonable attorney's fees, legal expenses

and costs of this motion, on the ground that this action is based upon instruments for the payment

of money only, which are now due and payable, and for such other and further relief as to this

Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that all answering papers shall be served on the

undersigned on or before January 12, 2007.

Dated:  December 13, 2006

Respectfully submitted,

**SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP**

By: _____
     Eric O'Connor
     30 Rockefeller Plaza, Suite 2400
     New York, NY  10112
     Telephone:  (212) 332-3800
     Facsimile:  (212) 332-3888
     *Attorneys for Robinson Reed Inc. and
     FFC3 ApS*

To:    Grifco International, Inc.
       19511 Weis Street, Suite E
       Spring, Texas 77388
       Telphone: (832) 295-1529
       Facsimile: (281) 288-0400
       Attention:  Chief Executive Officer

SUPREME COURT, CIVIL BRANCH, NEW YORK COUNTY

## INDEX PURCHASE COVER SHEET

DEC 1 4 2006

INDEX #: 604358/06

NOT COMPARED WITH COPY FILED

NATURE OF ACTION OR PROCEEDING (check ONE box only and enter on Index Purchase Form)

### MATRIMONIAL

[ ] Contested   - CM
[ ] Uncontested - UM

### COMMERCIAL

[X] Contract    -   CONT
[ ] Corporate   -   CORP
[ ] Insurance   -   INS
[ ] Other Commercial - OC
    (Other than Contract)
[ ] UCC (including but not
    limited to Sales,
    Negotiable Instruments
    etc.)

### REAL PROPERTY

[ ] Condemnation   - COND
[ ] Foreclosure    - FOR
[ ] Landlord/Tenant - ORP
[ ] Other  Real Property-ORP
[ ] Tax Certiorari - TAX

### TORTS

[ ] Asbestos          - ASB
[ ] Breast Implant    - BI
[ ] Dental Malpractic   - DM
[ ] Medical/Podiatric Malpractice -MM
[ ] Other Professional Malpractice
                        - OPM
[ ] Motor Vehicle -  MV
[ ] Negligence    -  OTN
[ ] Other Tort    -  OT (including
    but not limited to Intentional
    Tort, Environmental, Toxic,
    Airline, Seaman, etc.)
[ ] Products Liability  -  PL

### SPECIAL PROCEEDINGS

[ ] Article 75 (Arbitration) - ART 75
[ ] Article 77 (Trusts)      - ART 77
[ ] Article 78   - ART 78
[ ] Incompetency  - INC
[ ] Guardianship  - GUARD
[ ] Other Mental Hygiene-MHYG
[ ] Other Special Proceeding - OSP

### OTHER ACTIONS

[ ] Election   - ELEC
[ ] Other      - OTH

Check "YES" or "NO" for each of the following questions.

Is this action/proceeding against a

YES  NO                          YES    NO
[ ] [X]  Municipality:           [ ]    [X]   Public Authority:

(specify _____ )   ( specify _____ )

YES  NO
[ ] [X] Does this action/proceeding seek equitable relief?
[ ] [X] Does this action/proceeding seek recovery for personal
        injury?
[ ] [X] Does this action/proceeding seek recovery for property
        damage?

B-383

46-3004R-100M92

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

| INDEX NUMBER |
| --- |
| 604288/06 |
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

CHECK ONE

Robinson Reed Inc.
FFC 3 APS

| | |
| --- | --- |
| ☒ COMMERCIAL ACTION | ☐ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☐ NOT THIRD PARTY ACTION |

v.

Grafco International
Inc.

**IF THIRD PARTY ACTION MAIN INDEX NO.** _____

NEW YORK
COUNTY CLERK'S OFFICE

DEC 1 4 2006

NOT COMPARED
WITH COPY FILED

**Name and address of Attorney for Plaintiff or Petitioner.** Eric O'Connor, Esq. 30 Rockefeller Plaza, 24th Fl. New York, NY 10112.
**Telephone No.** 212.332.3923

**Name and address of Attorney for Defendant or Respondent.**
**Telephone No.**

A. **Nature and object of action or Nature of special proceeding** Money Judgment. Breach of Contract.

B. **Application for Index Number filed by:** Plaintiff ☒    Defendant ☐
C. **Was a previous Third Party Action filed** Yes ☐  No ☒
   **Date filed** _____

## COMPLETE THIS STUB

ndorse This INDEX NUMBER ON All apers and advise your adversary of e number assigned. Sec. 202.5,

DO NOT DETACH

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

Robinson Reed, Inc. and FFC 3 APS

**INDEX NUMBER FEE $210.00**

UCS-840(REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

| | | | | For Clerk Only |
| --- | --- | --- | --- | --- |
| _Supreme_ | _NY_ | _004288 06_ | _12/14/06_ | |
| COURT | COUNTY | INDEX NO. | DATE PURCHASED | |

PLAINTIFF(S): Robinson Reed, Inc.
FFC 3 APS

IAS entry date

DEFENDANT(S):
Grifco International, Inc.

Judge Assigned

RJI Date

Date issue joined: _____ Bill of particulars served (Y/N):  [ ]Yes    [ ]No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[X] Notice of motion (return date: _Jan 19 2007_)
Relief sought _Money Judgment_

[ ] Order to show cause
(clerk enter return date: _____)
Relief sought_____
[ ] Other ex parte application (specify:
_____)

[ ] Notice of petition (return date:_____)
Relief sought _____

[ ] Notice of medical or dental malpractice
action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____
_____)

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
| | |
| --- | --- |
| [ ] Contested | -CM |
| [ ] Uncontested | -UM |

**COMMERCIAL**
| | |
| --- | --- |
| [X] Contract | -CONT |
| [ ] Corporate | -CORP |
| [ ] Insurance (where insurer is a party, except arbitration) | -INS |
| [ ] UCC (including sales, negotiable instruments) | -UCC |
| [ ] *Other Commercial | -OC |

**REAL PROPERTY**
| | |
| --- | --- |
| [ ] Tax Certiorari | -TAX |
| [ ] Foreclosure | -FOR |
| [ ] Condemnation | -COND |
| [ ] Landlord/Tenant | -LT |
| [ ] *Other Real Property | -ORP |

**OTHER MATTERS**
| | |
| --- | --- |
| [ ] *_____ | -OTH |

TORTS

Malpractice
| | |
| --- | --- |
| [ ] Medical/Podiatric | -MM |
| [ ] Dental | -DM |
| [ ] *Other Professional | -OPM |

| | |
| --- | --- |
| [ ] Motor Vehicle | -MV |
| [ ] *Products Liability | -PL |

| | |
| --- | --- |
| [ ] Environmental | -EN |
| [ ] Asbestos | -ASB |
| [ ] Breast Implant | -BI |
| [ ] *Other Negligence | -OTN |

| | |
| --- | --- |
| [ ] *Other Tort (including intentional) | -OT |

**SPECIAL PROCEEDINGS**
| | |
| --- | --- |
| [ ] Art. 75 (Arbitration) | -ART75 |
| [ ] Art. 77 (Trusts) | -ART77 |
| [ ] Art. 78 | -ART78 |
| [ ] Election Law | -ELEC |
| [ ] Guardianship (MHL Art. 81) | -GUARD81 |
| [ ] *Other Mental Hygiene | -MHYG |
| [ ] *Other Special Proceeding | -OSP |

"YES" or "NO" for each of the following questions:

this action/proceeding against a

YES  NO                                      YES  NO
[ ]  [X] Municipality:                       [ ]  [X] Public Authority:
         (Specify_____)                (Specify_____)

YES  NO
[ ]  [X] Does this action/proceeding seek equitable relief?
[ ]  [X] Does this action/proceeding seek recovery for personal injury?
[ ]  [X] Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months    [X] Standard: 9-12 months    ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?             [X] No      ☐ Yes, Date_____

Was a Notice of No Necessity filed?  [X] No      ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Eric OConnor | 30 Rockefeller Plaza, 24th Fl | 212.332.3800 |
| ☐ | | New York, NY 10112 | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

RELATED CASES: (IF NONE, write "NONE" below)
Title          Index #          Court          Nature of Relationship

    NONE

        I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 12/13/06              _____
                             (SIGNATURE)
                             Eric OConnor
                             (PRINT OR TYPE NAME)
                             Plaintiffs Rohman Reed & FFC3 APS
                             ATTORNEY FOR

            ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

# EXHIBIT B



333 South Hope Street | 48th Floor | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

Writer's Direct Line: 213-830-2020
dulich@sheppardmullin.com

January 16, 2007

Our File Number: 10HC-120230

*VIA FEDERAL EXPRESS*

Mr. Andy Baum
Avondale Capital Partners, Inc.
256 South Robertson Blvd.
Beverly Hills, CA 90211

Re:     Robinson Reed, Inc. and FFC3 APS

Dear Mr. Baum:

We are writing on behalf of our clients, Robinson Reed and FFC3 APS. As you know, on September 1, 2005, our clients loaned a combined amount of $1,500,000 to Grifco International, Inc. ("Grifco"). These loans (the "Grifco Loans") were made based upon representations made by you regarding the business operations and financial condition of Grifco.

It is now clear that the representations made by you to our clients regarding Grifco were false, misleading and fraudulent. Your actions included the following:

1.      Making affirmative representations and material misstatements regarding the value and prospects of Grifco which you knew to be untrue at the time those misstatements were made, in an effort to maximize the commissions you received as a result of the Grifco Loans. Your actions in this regard induced justifiable reliance by our clients which directly lead to their advancing monies to Grifco.

2.      Negotiating specific deal points concerning our clients' loans to Grifco and receiving transaction based compensation for effecting the purchase and sale of securities without the proper qualification, authorization, licensing and registration in violation of, among other things, California Corporations Code section 25501.5, due to the fact that you were not a licensed broker-dealer.

3.      Violation of Section 10(b) of the Exchange Act and Rule 10b-5 by omitting to state material facts, making material misstatements and engaging in acts and practices and a course of business that operated as a fraud or a deceit upon our clients in order to maximize your commissions.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mr. Andy Baum
Avondale Capital Partners, Inc.
January 16, 2007
Page 2

      4.     Violation of the fiduciary duty of care that you owed to our clients by failing to disclose material information regarding the value of Grifco shares and failing to disclose that you were not qualified, authorized, licensed or registered to conduct brokerage activities or to receive transaction based compensation in connection with the Grifco Loans.

      5.     Negligence in your actions as financial advisor, fiduciary, broker dealer, representative and agent of our clients in connection with the Grifco Loans by, among other things, failure to render accurate advice, conduct sufficient due diligence or disclose all facts relevant to the Grifco Loans, as well as hold the necessary licenses and registrations necessary to effect such a transaction.

      Grifco has now defaulted on its obligations to our clients. We hereby demand immediate payment to our clients of the amount of $1,500,000, plus interest thereon, as compensation for monies lost by our clients as a result of the aforementioned actions by you.

      If we do not hear from you on or before January 24, 2007, we have been authorized to pursue any necessary legal action to recover such amounts on behalf of our clients. The above should not be deemed a complete list of our clients claims against you.

                      Very truly yours,

                      David C. Ulich

              for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:LDU\400140766.1
cc:    Paul Malingagio, Esq.

# EXHIBIT C

FIRST FIDELITY CAPITAL, INC.
ASSET MANAGEMENT

July 22, 2005

Private & Confidential

James Dial, President and CEO
Grifco International, Inc.
19511 Weid Rd. Suite E
Spring, Tx 77388
United States of America

## Re: Regulation S Common Stock Financing

Dear Mr. Dial,

This confidential term sheet (this "Term Sheet") summarizes the principal terms and conditions for the proposed private placement (the "Transaction") by Grifco International, Inc., a X corporation (the "Company"), to certain investment funds residing outside of the United States (the "Purchasers") advised exclusively by First Fidelity Capital, Inc. ("FFC") of shares of the Company's common stock, par value $0.1 per share (the "Common Stock"), and warrants to purchase shares of Common Stock (the "Warrants"). The Transaction shall be structured as a private placement of such securities exempt from registration pursuant to Regulation S ("Regulation S") of the Securities Act of 1933, as amended (the "Securities Act") and the rules promulgated thereunder by the Securities and Exchange Commission (the "Commission").

### General

| | |
|---|---|
| **Issuer:** | Grifco International, Inc., a X corporation.<br>NASDAQ PK / CFCI:PK |
| **Purchasers:** | Select institutional and/or accredited investors who are not "U.S. persons" as defined under Regulation S. |
| **Aggregate Investment:** | Up to $1,500,000.00 |
| **Securities:** | Common Stock and Warrants. |
| **Closing Date:** | August 31, 2005, subject to satisfaction of all closing conditions (the "Closing Date"). |
| **Price:** | a price per share equal to 50% of the average of the daily VWAPs for the common stock for the twenty (20) consecutive trading days immediately preceding the Closing Date, (the "Per Share Price"). |

KL2:2346008.2

FIRST FIDELITY CAPITAL, INC.
ASSET MANAGEMENT

Mr James Dial
July 22, 2005
Page 2 of 6

**Costs and
Expenses:**     Each party to the Definitive Documents (as hereafter defined) shall
bear its own costs and expenses in connection with the negotiation
and documentation thereof; provided, however, the Company shall
pay up to $30,000 for the legal fees of the Purchasers, of which
$10,000 shall be a non-refundable fee for preparation of the
Definitive Documents, which fee shall be delivered upon the
execution of this Term Sheet in accordance with the paragraph of
this Term Sheet entitled "Documentation Fee".

## Common Stock and Warrant Purchase Agreement

**Agreement:**     The Transaction shall be consummated pursuant to the terms and
subject to the conditions set forth in a Common Stock and Warrant
Purchase Agreement (the "Purchase Agreement"), which Purchase
Agreement shall contain, among other things, representations and
warranties of the Company and the Purchasers, and covenants, in
each case that are customary for a Regulation S offering and in
form and substance for transactions of similar size and character.

**Put Provision:**     Commencing twelve (12) months following the Closing Date for a
period of eight (8) months, in the event that the Common Stock is
trading below the Purchase Price paid by the Purchasers for a
period of five (5) consecutive trading days (the "Threshold Price"),
each Purchaser shall have the right, but not the obligation, to put to
the Company for cash at the Per Share Price (the "Put Price") such
number of shares of Common Stock equal to 95% of the shares of
Common Stock purchased at the Closing. In the event a Purchaser
exercises its put right, such Purchaser shall provide ten (10) days
prior written notice to the Company. In the event that the
Company fails to honor any such Put Option Notice or does not
deliver the Put Option Price to the Purchaser within such ten (10)
trading day period upon the Purchaser's exercise of the Put Option,
the Company shall issue to the Purchaser a convertible promissory
note in the principal amount equal to the number of Shares subject
to the Put Option Notice multiplied by the Put Option Price. The
convertible promissory note shall have a conversion price equal to
eighty-five percent (85%) of the average of the closing bid prices
of the Common Stock for the ten (10) trading days prior to

KL2:23180/8.7

**FIRST FIDELITY CAPITAL, INC.**
ASSET MANAGEMENT

Mr James Dial
July 22, 2005
Page 3 of 6

conversion and a coupon of 8% p.a.  The shares of Common Stock issuable upon conversion of the convertible promissory note shall have demand registration rights.

**Conditions to
Closing:**

The closing of the Transaction (the "Closing") will be subject to certain conditions having been satisfied or waived, including without limitation: (i) the representations and warranties being true and correct in all respects; (ii) no breach of covenants or agreements under any of the Definitive Documents; (iii) receipt of all necessary consents, each which shall still be in effect; (iv) receipt of any appropriate government approvals; (v) satisfaction of other customary closing conditions to be set forth in the Purchase Agreement; and (vi) no material adverse effect on the Company shall have occurred.

**Piggyback
Registration Rights:** The Purchasers shall be entitled to "piggyback" registration rights with respect to all shares of Common Stock issued pursuant to the Purchase Agreement or issuable upon exercise of any Warrants issued to the Purchasers pursuant to the Purchase Agreement on any registration statements filed by the Company, subject to mutually satisfactory exceptions.  The Company shall bear all expenses of the registration and offering (exclusive of underwriting discounts and commissions) of all such piggyback registrations.

**Definitive
Documents:**

The Purchase Agreement will contain fully-negotiated attachments of each of the following documents and agreements (collectively, and together with the Purchase Agreement, the "Definitive Documents") on terms and conditions set forth herein and on such other mutually agreeable terms as are customary in transactions of this nature:

(i)   a form of Warrant to purchase shares of the Common Stock; and

(ii)   such other certificates, agreements and documents as may be necessary or desirable to consummate the Transaction, each to be completed by the Company and/or the Purchasers, as appropriate.

KL2:2378008.2

**FIRST FIDELITY CAPITAL, INC.**
ASSET MANAGEMENT

Mr James Dial
July 22, 2005
Page 4 of 6

## Series A Warrants

**Number of**
**Series A Warrants:**   The Company shall grant to each Purchaser a Series A Warrant (the "Series A Warrants") to purchase a number of shares of Common Stock which is equal to 10% of the number of shares of Common Stock purchased by such Purchaser pursuant to the Purchase Agreement (the "Series A Warrant Shares"). The Series A Warrants shall contain a cashless exercise provision in the event a registration statement providing for the resale of the shares of Common Stock and Series A Warrant Shares is not in effect.

**Exercise Price:**   A price equal to 85% of the purchase price of the common stock, subject to the anti-dilution adjustments referred to below.

**Vesting:**   The Series A Warrants shall fully vest immediately upon grant.

**Term:**   Five (5) years from the Closing Date.

**Anti-dilution:**   The Series A Warrants shall be subject to weighted-average anti-dilution adjustments.

## Miscellaneous

**Establishment Fees;**
**Warrants:**   At the Closing Date, the Company shall deliver to FFC 150,000 five-year warrants to purchase shares of Common Stock with an exercise price equal to $1,- per share, which shall have identical registration rights to the rights granted to the Purchasers. The Company will pay to Avondale Capital Partners, Inc. a finders fee equal to ten percent (10%) of the aggregate offering amount of the Transaction, which equals $150,000. Said fee is to be paid directly out of escrow.

**Transfer Agent**
**Instructions:**   The Company shall irrevocably instruct its transfer agent that, for so long as the Registration Statement providing for the resale of the Registrable Securities shall be effective, the transfer agent shall reissue shares of Common Stock without restrictive legend upon appropriate evidence of transfer in compliance with the Securities

KL2-2781008.2

**FIRST FIDELITY CAPITAL, INC.**
ASSET MANAGEMENT

Mr. James Dial
July 22, 2005
Page 5 of 6

Act and the rules and regulations of the Commission promulgated thereunder; provided that, for so long as the Registration Statement remains effective, no opinion of counsel shall be required to effect any such transfer.

**Exclusivity:** As of the execution of this Term Sheet, the Company represents and warrants that the Company is not engaged in discussions, and will not be so engaged, with any persons, except the Purchasers for the placement of any equity financing for the Company via any equity security offerings containing any discount pricing or variable pricing and the Company will not be permitted to issue any of its equity securities (or instruments convertible into or exercisable for equity securities) in any offerings priced at a discount to market or priced at a variable pricing, except to the Purchasers in a period from the date of the effectiveness of the Registration Statement until 15 August, 2006 (the "Exclusivity Period"). During the Exclusivity Period, the Company may issue its equity securities (or instruments convertible into or exercisable for equity securities) to strategic partners, employee consultants and/or in connection with mergers or acquisitions so long as such issuances are not for the purpose of raising capital.

**Confidentiality:** This indication of interest is highly confidential and is not to be disclosed to anyone without the prior written consent of FFC and the Company. Any unauthorized disclosure of this indication of interest shall result in its immediate withdrawal.

**Documentation Fee:** Upon execution and delivery of this Term Sheet, the Company will pay to the escrow account of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (phone 212-715-9265) for the benefit of FFC a non-refundable fee of $10,000 for the preparation of the Definitive Documents.

The terms of this letter are expressively agreed by the parties to be non-binding, unless this letter is signed by both parties. The parties agree to be bound by the confidentiality provisions of the paragraph above.

This offer expires August 3, 2005, at 5:00PM PST.

KL2:2381008.2

**FIRST FIDELITY CAPITAL, INC.**
ASSET MANAGEMENT

Mr. James Dial
July 22, 2005
Page 6 of 6

Sincerely,

Mads Ulrich
President & CEO
FIRST FIDELITY CAPITAL, INC., on behalf of the Funds

Acknowledged and Accepted:

FIRST FIDELITY CAPITAL, INC.

By _____
   Name:
   Title:
   Date:

Acknowledged and Accepted:

[COMPANY]   GEIFCO  International  INC.

By _____
   Name:  Jim  Dial
   Title:  President of  CEO
   Date:  8/1/05

K1,2-2198008.2